UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
ANDREW R. VARA
UNITED STATES TRUSTEE, REGIONS 3 AND 9
Peter J. D'Auria, Esq. (PD 3709)
One Newark Center, Suite 2100
Newark, NJ 07102
Telephone: (973) 645-3014
Fax: (973) 645-5993
E-Mail:  Peter.J.D'Auria@usdoj.gov

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Chapter 11 |
| Produce Depot USA LLC, | Case No. 22-14771(VFP) |
| Debtor. | Hearing Date: Sept. 13, 2022 at 10:00 a.m. |
| In re: | Chapter 11 |
| Gaetano M. Balzano, | Case No. 22-14771(VFP) |
| Debtor. | Hearing Date: Sept. 13, 2022 at 10:00 a.m. |

**OBJECTION OF THE UNITED STATES TRUSTEE TO PRODUCE DEPOT USA LLC DEBTOR'S MOTION FOR AN ORDER APPROVING AMENDED STIPULATION RESOLVING PACA TRUST CLAIMS OF PROMETO PRODUCE CORP. AND C.H. ROBINSON WORLDWIDE, INC. PURSUANT TO RULE 9019 OF THE FEDERAL <u>RULES OF BANKRUPTCY PROCEDURE</u>**

The United States Trustee (the "UST"), by and through his counsel, and in furtherance of his duties pursuant to 28 U.S.C. §§ 586(a)(3) and (5), objects to the Debtor's Motion for an Order Approving Amended Stipulation Resolving PACA Trust Claims of Prometo Produce Corp. and C.H. Robinson Worldwide, Inc. Pursuant to Rule 9019 of the Federal Rules of Bankruptcy (the "Amended 9019 Motion"), and respectfully represents as follows:

## BACKGROUND

1. On March 2, 2022 (the "P.D. Petition Date"), Produce Depot USA LLC (the "Corporate Debtor") (the Corporate Debtor and the Individual Debtor collectively referred to herein as the "Debtors") filed a voluntary petition for relief under Chapter 11 of title 11, United States Code (the "Bankruptcy Code" or the "Code"), in the United States Bankruptcy Court for the Eastern District of New York (case no. 1-22-40412-ess). Pursuant to the Order Transferring Case to the District of New Jersey dated June 9, 2022, entered at docket entry 49 on the Eastern District of New York case no. 1-22-40412-ess, the pending chapter 11 case of the Corporate Debtor was transferred to the Bankruptcy Court for the District of New Jersey, where it was assigned case number 22-14771(VFP) (the "Corporate Case"). The Corporate Debtor remains in possession of its assets and financial affairs pursuant to sections 1107 and 1108 of the Bankruptcy Code.

2. On March 3, 2022, (the "Balzano Petition Date"), Gaetano M. Balzano the ("Individual Debtor") (the Corporate Debtor and the Individual Debtor collectively referred to herein as the "Debtors") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code, under bankruptcy case no. 22-11703(VFP) (the "Balzano Case"). To date, the Individual Debtor has remained in possession of his property and management of his affairs.

3. On May 26, 2022, the Corporate Debtor filed the Motion for an Order Approving Stipulation Resolving PACA Trust Claims of Prometo Produce Corp. and C.H. Robinson Worldwide, Inc. Pursuant to Rule 9019 of the Federal Rules of Bankruptcy (the "First 9019 Motion"). *See* ECF No. 28. Attached as Exhibit A to the First 9019 Motion is a first version of a stipulation, which the Corporate Debtor later substitutes with an amended version; attached to that first stipulation filed as Exhibit A to the First 9019 Motion is a certain Term Sheet,

Settlement Between Plaintiffs and Defendant Luis Ruelas (the "Term Sheet"). *See*, Id. at ECF page no. 24 of 24.

4. On July 1, 2022, the Corporate Debtor filed a second version of a stipulation to serve as Exhibit A to the Produce Depot 9019 Motion, that being the Amended Stipulation Resolving PACA Trust Claims of Prometo Produce Corp., and C.H. Robinson Worldwide, Inc. (the "Amended Stipulation"). *See* ECF No. 56. The Amended Stipulation is dated June 30, 2022. The Amended Stipulation provides as follows:

- the Corporate Debtor will pay C.H. Robinson $100,000.00 to be funded through the DIP account of Produce Depot. *See*, Amended Stipulation, ¶ B.

- the Corporate Debtor will pay Prometo $100,000.00 to be funded through the DIP account of Produce Depot. *See*, Amended Stipulation, ¶ A.

- Full payment by the Corporate Debtor to C.H. Robinson and Prometo is due within 14 days of final approval by bankruptcy court. *See*, Amended Stipulation, ¶ D.

5. On July 26, 2022, the UST filed his Objection to the First 9019 Motion (the "UST First Objection"). *See* ECF No. 67.

6. On August 16, 2022, the Corporate Debtor filed the Amended 9019 Motion. *See* ECF No. 84. The Amended 9019 Motion presents for approval the same Amended Stipulation referenced above, dated June 30, 2022.

7. On August 25, 2022, the Individual Debtor filed his joinder to the Amended 9019 Motion (the "Balzano Joinder"). *See* Balzano Case ECF No. 78.

8. The Balzano Joinder is simply a statement joining in the positions set forth in the Amended 9019 Motion. With that, even though versions of settlement motions were previously filed in both Debtors' cases, at this juncture the Amended 9019 Motion is the only settlement motion being presented by the Debtors at this time. The UST hereby adopts herein and

3

incorporates by reference the arguments asserted in the UST First Objection[1]. Additionally, the UST respectfully asserts the arguments outlined below.

## OBJECTION

*Can the Debtor Perform the Payments Required by the Amended 9019 Motion:*

9.  As argued in the UST First Objection, if the Corporate Debtor cannot perform the payments required by the Amended Stipulation, then the Amended 9019 Motion must not be approved. The Amended 9019 Motion avers that the Corporate Debtor presently holds sufficient cash to perform such payments. *See*, Amended 9019 Motion, ¶39. However, there is no monthly operating report or other certification on account of the Corporate Debtor filed in the record to substantiate the presence of such funds. Additionally, the document filed as Exhibit D to the Amended 9019 Motion that references a wire transfer to the Corporate Debtor indicates a status of "pending review." Unless and until the Corporate Debtor establishes in the record that it has the ability to perform the payments required of it by the Amended Stipulation, the Amended 9019 Motion must not be approved.

*Did the Debtor Fairly and Properly Compromise the Promissory Note:*

10. As outlined in the Amended 9019 Motion, the Debtor compromised the amount collectible under a certain "Promissory Note" between the Corporate Debtor and NYC Tropical House, Inc. in order to expedite the payments due to the bankruptcy estate. *See*, Amended 9019 Motion, ¶ 39. *See also*, Exhibits B, C, and D to the Amended 9019 Motion. In order to expedite receipt of payments due to the estate, so the Amended Stipulation could be performed now at this time, the total amount to be collected by the bankruptcy estate under the Promissory Note has been compromised. A review of the record in this case indicates that there has not been an

---

[1] Capitalized terms not defined herein shall have the meaning as ascribed in the First UST Objection.

4

accompanying settlement motion filed in connection with the Corporate Debtor entering into the Promissory Note Modification Agreement, attached to the Amended 9019 Motion as Exhibit C. The Amended 9019 Motion avers that that sufficient payments have been made to the estate pursuant to the Promissory Note Modification Agreement to allow the Corporate Debtor to make the payments required by the Amended Stipulation (which we respectfully assert above must be clearly established by the Corporate Debtor in the record); however, before such funds can be disbursed pursuant to the Amended Stipulation, the Court must find that the Corporate Debtor's compromise of the original Promissory Note was fair and equitable, and was done in the paramount interest of *all* creditors in this case.

### *Are There Other PACA Creditors in this Case:*

11. Approval of the Amended 9019 Motion would result in virtually all of the cash in the Corporate Debtor's case being disbursed now, to the two creditors who are parties to the settlement proposed therein. The asserted basis for making such payments now, at this juncture, rests on the parties' assertion that Prometo and C.H. Robinson hold claims that warrant such treatment, as those claims are certain "PACA" claims. But even if the Court were to find that Prometo and C.H. Robinsion were to hold such PACA claims, and further find that such creditors are entitled to the proposed payments at this juncture of the case, an important question remains as to whether there are any other "PACA" claims that should participate in such payments. In order for the proposed settlement to be in the paramount interest of all creditors in this case, it must be in the best interest of all PACA creditors in this case. Unless and until the Debtor establishes that there are no other PACA claims in this case, the proposed payments under the Amended Stipulation should not be made, and such funds should be preserved in the bankruptcy estate pending further order of the Court.

**CONCLUSION**

For the reasons set forth above, the UST requests that this Court deny the Amended 9019 Motion as presented, and grant such further relief as this Court deems just, fair and equitable.

        Respectfully submitted,

        ANDREW R. VARA
        UNITED STATES TRUSTEE
        REGIONS 3 and 9

        By:    */s/ Peter J. D'Auria*
                  Peter J. D'Auria
                  Trial Attorney

Dated: September 6, 2022